IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02653-PAB

ALEX MBAYO,

    Petitioner,

v.

LORETTA LYNCH, U.S. Attorney General,
CYNTHIA COFFMAN, U.S. Attorney for Colorado,
JEH JOHNSON, Secretary of Department of Homeland Security,
JOHN MORTON, Director, Immigration and Customs Enforcement,
JOHN LONGSHORE, Field Director for Colorado, I.C.E., and
CORINA ALMEIDA, Chief Counsel, Office of the Chief Counsel,

    Respondents.

---

## ORDER

---

This matter is before the Court on the Status Report [Docket No. 23] filed by respondents.

On December 8, 2015, petitioner Alex Mbayo, a citizen of the Democratic Republic of the Congo, filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1], asserting that the Bureau of Immigration and Customs Enforcement ("ICE") has detained him for an unreasonable period of time in connection with his ongoing removal proceedings in violation of 8 U.S.C. § 1231(a)(6) and his due process rights. Docket No. 1 at 3. Mr. Mbayo sought release from detention; he did not seek monetary damages. At the time he filed his petition, Mr. Mbayo was in custody at the GEO Detention Facility in Aurora, Colorado. *Id.* at 6.

On March 17, 2016, respondents filed a Status Report that attaches a

declaration from ICE Assistant Field Office Director Carl Zabat. Docket No. 23. Mr. Zabat states that petitioner was removed from the United States on February 11, 2016 pursuant to the final order of removal entered by an Immigration Judge on April 29, 2015. Docket No. 23-1 at 2, ¶ 3.

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are met: (1) the applicant is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook,* 490 U.S. 488, 490 (1989). Petitioner is no longer in custody. As a result, his application for a writ of habeas corpus is moot. *Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1266 (10th Cir. 2011).

Wherefore, it is

**ORDERED** that petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED** as moot. It is further

**ORDERED** that this case is **DISMISSED** as moot.

DATED March 22, 2016.

                                BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge